FILED

NOT FOR PUBLICATION

OCT 19 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DARYL J. KOLLMAN and HELEN R. FRAZER, Trustee of the Bankruptcy Estate of Donald Hateley, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, a foreign corporation, <br><br> Defendant-Appellee. | No.   15-35795 <br><br> D.C. Nos.   1:04-cv-03106-PA <br> 1:07-cv-03038-PA <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted October 6, 2017
Portland, Oregon

Before:  PAEZ and BEA, Circuit Judges, and ANELLO,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

Appellants Daryl Kollman and Helen Frazer (collectively "Kollman") appeal the denial of statutory prejudgment interest on the district court's judgment against appellee National Union Fire Insurance Company ("National Union"). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

We review de novo the district court's construction of an insurance policy. *See Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 426 (9th Cir. 2011). As the parties do not argue otherwise, we apply Oregon principles of contract interpretation to the policy at issue. The policy required National Union to pay any "judgments (including pre/post-judgment interest on a covered judgment)," subject to a $5 million limit. The district court concluded that the prejudgment interest sought by Kollman was "interest on a covered judgment" that was not recoverable in excess of the policy limit, which had already been reached.[1]

We disagree. It is undisputed that the "covered judgment" under the policy is the $40 million state court judgment entered in favor of Daryl Kollman in 2004. Prejudgment interest on that judgment is not at issue in this appeal. In fact, the

---

[1] Helen Frazer was entitled to insurance as the trustee of the bankruptcy estate of an insured under the policy, and Daryl Kollman was entitled to recover "to the extent of the insurance afforded by th[e] policy" as a third party who had secured a final judgment against the insured.

state court did not award any prejudgment interest on the covered judgment.

Rather, Kollman seeks prejudgment interest on the district court's September 16, 2015 judgment allocating the liability insurance due under the National Union policy. The policy does not address such prejudgment interest, let alone preclude Kollman from recovering it. The district court and state cases relied on by National Union are inapposite. Those cases considered a plaintiff's contractual right to payment by the insurer for prejudgment interest awarded on a judgment against the insured–a covered judgement–and not the right to prejudgment interest on a judgment against the insurer. *See, e.g.*, *Buckhannon-Upshur Cnty. Airport Auth. v. R & R Coal Contracting, Inc.*, 413 S.E.2d 404, 407 & n.8 (W. Va. 1991); *Guin v. Ha*, 591 P.2d 1281, 1287-89 (Alaska 1979).

We next consider whether Kollman is entitled to prejudgment interest under Oregon Revised Statutes § 82.010(1)(a).[2] The statute provides that the rate of interest is nine percent per annum and is payable on "[a]ll moneys after they become due." § 82.010(1)(a). Under the statute, "a party can receive prejudgment

---

[2] The district court did not address this issue, but that does not foreclose our review. When, as here, an issue not decided by the lower court is purely legal and the record has been fully developed prior to appeal, we may exercise our discretion to consider it. *Quinn v. Robinson*, 783 F.2d 776, 814 (9th Cir. 1986). We do so here to avoid further delay and because the resolution of the issue is clear. *See id.*

interest only when the 'exact pecuniary amount was either *ascertained,* or *ascertainable* by simple computation, or by reference to generally recognized standards such as market price,' and where 'the time from which interest . . . must run . . . can be ascertained.'" *Wilson v. Smurfit Newsprint Corp.*, 107 P.3d 61, 76 (Or. Ct. App. 2005) (quoting *Public Market Co. v. Portland*, 138 P.2d 916, 918 (Or. 1943) (interpreting a predecessor statute)).

Both the amount due to Kollman and the interest start date are ascertainable. As for the amount due, the district court calculated that amount by "simple computation." *Id.* The court subtracted the amount of defense costs incurred by Plaintiff-Intervenor Cell Tech International Inc. ("Cell Tech")—which amount the district court concluded was ascertainable for purposes of § 82.010(1)(a)—from the $5 million policy limit. The remainder was the amount due to Kollman. Thus, the amount due to Kollman, like the amount due to Cell Tech, is ascertainable. That the parties litigated disputes over coverage and allocation in the district court does not lead us to conclude otherwise. *See Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1240 (9th Cir. 1998); *Strader v. Grange Mutual Ins. Co.*, 39 P.3d 903, 908-09 (Or. Ct. App. 2002).

The interest start date is also ascertainable: It is the date that National Union "became obligated to make payments under the terms of its policy." *Interstate*

4

*Fire & Cas.*, 139 F.3d at 1240.  National Union's obligation to pay under the policy arose following the September 2004 state court judgment, and that obligation was not suspended during the pendency of the litigation in this case.

We remand with instructions to the district court to determine the start date for prejudgment interest and to calculate the amount due to Daryl Kollman and Helen Frazer in a manner consistent with this disposition.

REVERSED and REMANDED.